## FLOWER & AL. vs. LIVINGSTON.

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiffs, having obtained a judgment against the defendant, took out a writ of *fieri facias*, which the sheriff levied on a compensation, granted by the legislature to the defendant for his services, as one of the lawyers appointed to revise the civil code, &c.

The defendant obtained an injunction, to stay the sale, and a rule to shew cause, why the levy should not be set aside. The parish judge made the injunction perpetual, and the rule absolete.

The defendant's counsel, urges that money directed by law to be paid to an individual, on his warrant cannot be seized.

2. The money was in the constructive possession of another.

3. The plaintiffs have not pursued the remedy pointed out by law.

4. What cannot be sold, cannot be seized.

I. The legislature having appropriated a sum of money to, as a compensation for services rendered by the defendant, to the state, he

A *fi. fa.* may be levied on a sum of money, directed by the legislature to be paid the defendant.

The defendant cannot oppose to the plaintiff in the *fi. fa.* that this money is in the constructive possession of a third party.

East'n District.  had a *right* to receive it, and creditors can levy
June, 1824.
~~~~~~~        executions on their debtor's *rights*.

FLOWER & AL.
vs.
LIVINGSTON.

*Regulamente se puede hacer execucion en qualquier bienes, mueblos o raices, derechos y acciones del deudor.   Cur. Ph. bienes executativos, n 1.*

Execution may be made on *rights* and actions ; *los derechos y acciones de mero derecho constituyen tercera especies de bienes, en ella se puede hacer execucion, en defecto de otro bienes.*

II. If the money be in the constructive possession of a third person, who imagines this circumstance gives him a right, which may be opposed to the exercise of that of the plaintiffs, on his application as a *tercero opositor*, his claim will be attended to, and it would be improper to act on it before.   This cannot give any right to the defendant.

III. If the plaintiffs have not pursued the remedy pointed out by law—they will fail in making the money ; as we have seen the right *was* susceptible of being executed, a levy on it was proper.

IV. By authorising the execution of a judgment to be made on the defendant's *rights*, the law authorises the *sale* of them ; for otherwise

East'nDistrict.
June, 1824.

FLOWER & AL.
vs.
LIVINGSTON.

the execution could not be made on them. The purchaser will certaiuly find the means of awailing himself of his purchase.

While the annual salaries of civil and the pay of military officers, may be seized to pay their debts, leaving then the strict necessary, *Cur. Phil. id. no.* 11, it is difficult to see why a debtor should resist the claim of his judgment creditors on a casual salary or compensation.

We think the parish judge erred.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be avoided, annulled and reversed, the rule discharged and the injunction dissolved, and that the defendant pay costs in both courts.

*Christy* for the plaintiffs, *Waggaman* for the defendant.